O. O. Woodman *v.* Richardson & McFee.

Whenever the plaintiff in an action dies, after an answer has been filed, the suit must be revived by the appearance of the legal representatives ; but this is not a new suit, and when the executor files an amended petition merely for the purpose of making himself a party to the proceedings, the defendant, although entitled to notice, cannot claim the legal delays allowed for answering the original petition. He has the right to file an aswer to the amendment ; but it must be done immediately, unless the amendment be of such a nature as to induce the court, upon his motion, to grant further time for answering the same.

APPEAL from the District Court of the Parish of Ouachita, *Richardson,* J. *Morrison & Purvis,* for plaintiff. *R. Richardson,* for defendants and appellants.

Voorhies, J. The plaintiff brought suit upon a promissory note executed in his favor by the defendants. After issue joined by the filing of an answer, he died.

The cause was continued from one to another term of court, for the purpose of having the suit revived in the name of the legal representatives of the deceased plaintiff : an order to that effect was entered upon the minutes of the court.

At the subsequent term, the suit was revived at the instance of the testamentary executor of the deceased ; the petition containing the application was regularly served upon the defendants, as if this were an original suit, and the legal delays mentioned after the lapse of which the answer should be filed.

The cause was fixed for trial, and in the absence of the defendants' counsel, judgment was entered up against them. Then followed an application for a new trial on the grounds that their attorney was unavoidably absent at the time of the trial, and that the amended petition was served upon them within ten days previous to the rendition of the judgment.

With regard to the first ground, the position is untenable : the evidence does not show affirmatively the unavoidable detention of the defendants' counsel at the time of the trial.

Nor does it appear that the defendants ever objected to the fixing of the cause for trial, or asked further time to answer the amended petition, by means of which the executor revived the suit in his own name.

"Actions, says the Code of Practice, Art. 21, do not abate by the death of one of the parties after answer filed." Under the Spanish law, from which is derived this rule of practice, the suit was to be prosecuted to an end, notwithstanding the death of the plaintiff, if there had been issue joined. Partidas, 3, 5, 23.

Whenever, under our system of practice, the plaintiff dies, after an answer has been filed, the suit must be revived by the appearance of the legal representatives ; but this is not a new suit. If the executor files an amended petition merely for the purpose of making himself a party to the proceedings, the defendant, although entitled to notice, cannot claim the legal delays allowed for answering the original petition. He has the right to file an answer to the amendment ; but, says the Code : " it must be done immediately, unless the amendment be of such a nature as to induce the court to grant further time for answering the same." C. P., Art. 421.

In the case at bar, no extension of time was demanded; but, on the contrary, the case was fixed for trial without objection on the part of the defendants. Their objection, therefore, that judgment was entered within ten days after the service of the amended petition, has no weight, especially as there is no intimation that the party had been taken by surprise.

Judgment affirmed.